FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 28, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYNTHIA D.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>Defendant. | No. 1:19-CV-03075-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 18. Attorney D. James Tree represents Cynthia D. (Plaintiff); Special Assistant United States Attorney Jeffrey Eric Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on December 21, 2015, alleging disability since June 30, 2015 due to insomnia, chronic pelvic pain, IBS/Crohn's disease, constant whole body swelling, learning disability, bowel problems, restless leg syndrome, depression, and anxiety. Tr. 87-88. The applications were denied initially and upon reconsideration. Tr. 148-63, 164-75. Administrative Law Judge (ALJ) Ilene Sloan held a hearing on October 24, 2017, Tr. 53-84, and issued an unfavorable decision on May 11, 2018. Tr. Tr. 28-41. Plaintiff requested review from the Appeals Council and the Appeals Council denied the request for review on February 21, 2019. Tr. 1-6. The ALJ's May 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 17, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1977 and was 38 years old as of her alleged onset date. Tr. 39. She has a high school diploma that she obtained with special education services. Tr. 61-62. Her work history included caregiving, retail, security, and deli work. Tr. 65-66. She testified she is unable to work due to pain throughout her body and gastrointestinal problems requiring frequent restroom breaks. Tr. 66, 74-75.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment

to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 11, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 30.

At step two, the ALJ determined Plaintiff had the following severe impairments: irritable bowel syndrome, borderline intellectual functioning, and depressive disorder. Tr. 31.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 32-33.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work with the following specific limitations:

> She can only occasionally climb ladders, ropes, or scaffolds. She can frequently climb ramps and stairs, and can frequently stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to hazards, extreme cold, heat, fumes, odors, dusts, gases, and areas with poor ventilation. She can understand, remember, and carry out short, simple tasks where such tasks are predetermined by the employer.

Tr. 33.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a cashier. Tr. 39.

Despite making dispositive step four findings, the ALJ alternatively found at step five that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of

performing, including the jobs of housekeeping cleaner, fast food worker, and production assembler.  Tr. 40.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.  Tr. 41.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends (1) the Appeals Council erred in failing to consider and exhibit relevant evidence; and the ALJ erred by (2) failing to fully develop the record; (3) improperly assessing Plaintiff's fibromyalgia; (4) improperly assessing the medical opinions; and (5) not fully crediting Plaintiff's testimony.

**DISCUSSION**

**1.    Step Two - Fibromyalgia**

Plaintiff argues the ALJ erred in failing to find fibromyalgia to be a severe impairment at step two.  ECF No. 13 at 7-10.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments.  20 C.F.R. §§ 404.1520(a)(ii), 416.920(a)(ii).  The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. §§ 404.1521, 416.921.  The claimant bears the burden of demonstrating that an impairment is medically determinable and severe.  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

The ALJ found Plaintiff's alleged musculoskeletal pain was not associated with a medically determinable impairment.  Tr. 31.  She noted that the record included only a brief mention of fibromyalgia based solely on Plaintiff's report,

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

and found the record did not contain the requisite findings to establish fibromyalgia as an established condition. *Id.* The ALJ further found that even if fibromyalgia was a medically determinable impairment, there was insufficient evidence to establish it as being severe. *Id.*

Plaintiff argues the ALJ's rationale is not supported by substantial evidence. Referencing Social Security Ruling 12-2p, Plaintiff notes the record contains evidence of the necessary signs and symptoms needed to establish fibromyalgia as medically determinable. ECF No. 13 at 7. She further notes that all medical opinions in the record assess Plaintiff's physical functioning based on the finding that she had severe fibromyalgia, and the ALJ's independent finding to the contrary was not supported by any evidence. *Id.* at 8-9.

The Court finds the ALJ's analysis to be supported by substantial evidence. The ALJ is correct that the record contains no workup documenting the diagnosis of fibromyalgia, including trigger point testing or documentation of attempts to rule out other causes.[2] Plaintiff received no specific treatment for fibromyalgia during the relevant period, and it does not appear as an active diagnosis in her treating doctor's records until after the ALJ issued her decision. Tr. 14, 361, 365, 367, 412. The consultative examiner did not perform trigger point testing or document any objective findings to substantiate Plaintiff's report of diffuse muscular pain other than some reduced range of motion in the back and difficulty bending forward. Tr. 394. The Court finds the ALJ did not err in finding fibromyalgia to not be a medically determinable impairment.

**2.     Opinion evidence**

---

[2] Plaintiff argues Dr. Guturu's records indicate the necessary "rule out" investigations. ECF No. 13 at 8. However, Dr. Guturu is a gastroenterology specialist and was only referring to an extensive workup that was done with respect to Plaintiff's GI symptoms, and not her diffuse body pain. Tr. 382.

Plaintiff alleges the ALJ improperly weighed the opinion evidence. ECF No. 13 at 10-14. Specifically, she alleges the ALJ gave insufficient reasons for rejecting the opinions from treating source Dr. Ross Bethel and consultative examiner Dr. Mary Pellicer. *Id.*

When a treating or examining physician's opinion is contradicted by another physician, the ALJ may reject the opinion by providing "specific and legitimate reasons," based on substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Dr. Bethel and Dr. Pellicer's opinions were contradicted by the state agency reviewing doctor's opinion. Tr. 120-22.

    *a. Treating doctor Ross Bethel*

In February 2017, Dr. Bethel completed a medical source statement regarding Plaintiff's ability to work. Tr. 416-17. He noted her diagnoses included fibromyalgia, chronic abdominal pain, severe depression, and pelvic pain. Tr. 416. He said her prognosis was poor based on her prolonged course of symptoms without response to numerous treatments. Tr. 417. He estimated that Plaintiff would miss on average three days of work per month if she attempted to work a full-time job. Tr. 417.

The ALJ gave this opinion little weight, noting Dr. Bethel did not provide a completed evaluation with objective findings consistent with his opinion, and instead indicated that workup had been largely normal. Tr. 39. The ALJ further found none of the treatment records to contain objective findings consistent with the opinion. *Id.* Finally, she noted the opinion was somewhat based on the diagnosis of fibromyalgia, which the ALJ found was not supported by the overall record. *Id.*

The lack of explanation and lack of support from any treating records are both specific and legitimate reasons to discount the opinion from Dr. Bethel. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The better an explanation a source

provides for an opinion, the more weight we will give that opinion."); s*ee also Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)(noting the opinions provided were accompanied by numerous records, "and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit."). Dr. Bethel did not explain the basis for his opinion on the form, and his medical records do not clarify the matter, particularly in light of his explicit statement that workup had been largely normal.

Plaintiff reasserts her arguments regarding fibromyalgia being an established impairment, and argues that Dr. Bethel, as Plaintiff's treating doctor, would have been well-aware of her fibromyalgia diagnosis and symptoms. ECF No. 13 at 11-12. She further argues that the comment about largely normal findings is consistent with the presentation of fibromyalgia. As discussed above, the ALJ did not err in her evaluation of fibromyalgia. Dr. Bethel's records do not indicate fibromyalgia as being one of Plaintiff's impairments until months after the ALJ's decision. *Compare* Tr. 14 (including fibromyalgia as a current problem) with Tr. 361, 365, 367-68, 412 (not mentioning current diagnosis of fibromyalgia or including it in medical history). The ALJ's evaluation is supported by substantial evidence.

    b. *Examining doctor Mary Pellicer*

Plaintiff underwent a consultative physical exam with Dr. Mary Pellicer in March 2016. Tr. 390-95. Dr. Pellicer's clinical impression was that Plaintiff suffered limitations from bowel issues (presumed IBS), diffuse musculoskeletal pain secondary to fibromyalgia (somewhat improved with more movement), chronic mental health issues including depression and anxiety, and a learning disability. Tr. 394. She opined Plaintiff could stand and walk for six hours in a day with frequent breaks due to IBS and fibromyalgia; could sit unlimited; could lift and carry 10 pounds occasionally; could not bend; could occasionally engage in

Case 1:19-cv-03075-JTR  ECF No. 20  filed 04/28/20  PageID.540  Page 9 of 20

other postural activities; and had no limitations in manipulative activities, hearing, speaking, or traveling independently. Tr. 395.

The ALJ found portions of Dr. Pellicer's opinion, regarding sitting, standing, and manipulative activities, to be consistent with the largely unremarkable examination findings and the objective medical evidence; however, she found the opinion regarding lifting and postural limitations to be inconsistent with the essentially normal exam findings and Plaintiff's unremarkable presentation in the record as a whole. Tr. 38. She further found Dr. Pellicer based the limitations in part on Plaintiff's reported diagnosis of fibromyalgia, which was not a medically determinable impairment. *Id.*

Plaintiff argues the ALJ's rationale was insufficient. She first argues that, despite the ALJ's assertion that the standing and walking limits were consistent with the exam, she failed to actually credit the limit, as the doctor opined Plaintiff would need frequent breaks throughout the day due to her IBS and fibromyalgia. ECF No. 13 at 13-14. Plaintiff additionally raises the same objections as discussed above with respect to fibromyalgia and its lack of objective signs. *Id.* at 14.

The Court finds the ALJ did not err in her evaluation. With respect to Dr. Pellicer's opinion that Plaintiff could stand or walk for six hours in a workday with frequent breaks, Dr. Pellicer failed to explain what she meant by "frequent." It is unclear whether she was indicating more frequent breaks than would be normally allowed throughout the workday. Because this statement is vague and imprecise, the Court finds the ALJ was not required to credit or reject it. *See Valentine v. Comm, 'r Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009) (reasoning that the ALJ is not required to credit or reject an examining doctor's recommendations for coping with symptoms when those recommendations do not include opinions as to specific functional limitations).

As discussed above, the ALJ adequately explained her rationale for finding fibromyalgia to not be medically established. To the extent Dr. Pellicer relied on

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

that diagnosis in formulating her opinion, the ALJ sufficiently explained her rejection. The exam findings document some slight tenderness in Plaintiff's abdomen and decreased range of motion in the back and that Plaintiff walked with a slight limp and had some difficulty bending forward. Tr. 392-94. Her physical exam was otherwise normal. *Id.* An ALJ may legitimately consider the supportability and consistency of an opinion with exam findings and the record as a whole. 20 C.F.R. § 404.1527(c).

Additionally, a doctor's opinion may be discounted if it is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008). Plaintiff reported a ten-year history of fibromyalgia. Tr. 390. However, fibromyalgia did not appear in her medical history with her primary doctor. Tr. 361-62, 382, 412-14. As discussed further below, the ALJ gave sufficient reasons for discounting Plaintiff's reports. Dr. Pellicer did not perform trigger point testing or any other evaluations that indicate her diagnosis of fibromyalgia was based on something other than Plaintiff's self-reports.

The Court finds the ALJ offered specific and legitimate reasons for discounting Dr. Pellicer's opinion.

**3. Plaintiff's subjective statements**

Plaintiff alleges the ALJ improperly disregarded her subjective symptom reports. ECF No. 13 at 14-21.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of

malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause few of the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to be generally not consistent with the medical evidence and other evidence in the record. Tr. 34. The ALJ found Plaintiff's allegations to be undermined by inconsistent statements in the record, Plaintiff's work history and daily activities, and evidence that she remained unemployed due to factors other than disability. Tr. 34-37. The ALJ also found Plaintiff's allegations to be unsupported by the objective evidence of her medical and mental conditions. Tr. 36-37.

The Court finds no error. While not every reason offered by the ALJ withstands scrutiny, the ALJ offered sufficient clear and convincing reasons for disregarding Plaintiff's subjective complaints. *See Carmickle v. Comm'r Soc. Sec. Admin*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

    a. Inconsistent statements

The ALJ found Plaintiff's reports about stopping work in 2015 due to her impairments to be inconsistent with the fact that Plaintiff had continued to work through 2015 with the same conditions. Tr. 34-35. The ALJ also noted conflicting and confusing reports about the reasons she stopped working. Tr. 35. Finally, the ALJ noted an observation from Dr. Bethel that Plaintiff's symptom reports did not always make sense, with her reporting no bowel movements for weeks on end without signs of obstruction. *Id.*

An ALJ may consider inconsistent statements by a claimant in assessing her credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ's interpretation of the record as reflecting conflicting explanations from Plaintiff as to the basis for the end of her work is reasonable. In her disability report she reported stopping work in 2015 due to her conditions. Tr. 272-73. However, she also reported to her GI doctor only a few weeks before the alleged onset date that she had had no change in her symptoms in the last 4-5 years. Tr. 382. At the consultative exam she reported she was fired from her job after passing out at home, and when asked to elaborate, "gave a vague and confusing explanation." Tr. 402. Plaintiff asserts there is no inconsistency, as the record reflects Plaintiff was having dizzy spells and seeing black spots around this time, and that this is one of her many conditions that contributed to the loss of employment. ECF No. 13 at 16. While Plaintiff offers an alternative interpretation of the record, the ALJ's interpretation is also reasonable. "If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Plaintiff's implication that the consultative examiner simply didn't understand how her conditions could have led to a blackout episode is not an accurate reflection of the examiner's notes; rather, Dr. Johnson indicated that Plaintiff's explanation was vague and confusing, not the concept that she could have experienced a blackout. Tr. 402.

The ALJ's discussion of Dr. Bethel's records as showing contradictions is not a clear and convincing reason for discounting Plaintiff's allegations. Simply because her symptoms did not make sense to her providers does not mean the symptoms were unbelievable. Dr. Bethel did not characterize her reports as contradictory and at no time did he indicate that he did not believe her. Tr. 365. In the records submitted after the hearing, Dr. Bethel noted he did believe she was disabled even though he had been unable to determine the root of her chronic abdominal pain. Tr. 15.

> b. *Objective evidence*

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ identified a number of factors regarding the objective medical and mental evidence that failed to support Plaintiff's allegations, including extensive normal workups with respect to her GI problems, normal physical exams, reported symptoms that did not make sense to her treating provider, and testimony regarding symptoms and side effects that did not appear in her medical records. Tr. 36. With respect to her mental health allegations, the ALJ found them to be undermined by her lack of specialized treatment and medication, and exam findings indicating no greater limitations than those already contained in the RFC. Tr. 37. While Plaintiff offers alternative interpretations of the objective record, the ALJ's discussion is reasonable and supported by substantial evidence.

> c. *Unemployment due to non-disability factors*

The ALJ found Plaintiff's disabling symptom reports to be undermined by evidence suggesting her unemployment was due to factors other than her impairments, namely economic factors. Tr. 35. The ALJ cited to Plaintiff's report to Dr. Johnson that she was looking for jobs, but jobs were scarce; the ALJ found

this suggested she was unemployed due to lack of jobs and not her medical conditions. *Id.*, citing 5F/5 (contained in this record at Tr. 403). However, the immediately preceding sentence in the report states: "She says she wants to work but can't." Tr. 403. The ALJ's reading is selective. While a claimant would not be found disabled based *only* on job availability factors, she would be disabled if economic factors resulted in there not being jobs that existed in significant numbers in the national economy that the claimant could perform given her particular medical limitations. The ALJ's selective reading of the sentence as implying Plaintiff was primarily unemployed due to lack of jobs is not supported by substantial evidence.

    *d. Work history*

An ALJ may rely on evidence that a claimant's condition "ha[s] remained constant for a number of years" and "ha[s] not prevented [the claimant] from working over that time." *Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988).

The ALJ discussed Plaintiff's work history and found that her ability to work previously, while reporting essentially the same level of symptomatology, undermined her current allegations of disability. Tr. 35-36. Specifically, the ALJ noted Plaintiff's reports of years-long GI symptoms, full body pain, and learning disability did not interfere with her ability to work as a nurse assistant, food sales clerk, and cashier in the past, and that the record did not reflect worsening of her conditions at the time of the alleged onset date. Tr. 35.

The ALJ is correct that the record reflects Plaintiff reporting virtually the same symptoms over the relevant period. In June 2015, prior to the alleged onset date, she reported to Dr. Guturu that her GI condition had not changed over the past 4-5 years. Tr. 382. Nearly a year later she told Dr. Bethel her symptoms had not changed since the consult with Dr. Guturu. Tr. 412.

However, the ALJ's rationale is undermined somewhat by her own finding that Plaintiff's impairments rendered her physically incapable of performing at

least some of her past jobs. Tr. 39. Similarly, the ALJ's discussion of Plaintiff's past ability to perform semi-skilled work is not particularly relevant in light of the ALJ's finding that Plaintiff is now limited to performing only short and simple tasks that are predetermined by the employer. Tr. 33. The ALJ's implication that Plaintiff's conditions have not worsened since she last worked is inconsistent with her own findings. Thus, this does not constitute a clear and convincing reason for discounting Plaintiff's subjective statements.

   *e. Daily activities*

  The ALJ found Plaintiff's activities are generally not consistent with her allegations. Tr. 37. Specifically, the ALJ found Plaintiff's unhindered activities regarding self- and household care to be inconsistent with her allegations of chronic severe abdominal cramping and musculoskeletal pain, and found it unlikely that Plaintiff would have been able to care for small children if she was in constant pain and had to use the bathroom every 10 to 20 minutes. *Id.*

  While a claimant's daily activities may support an adverse credibility finding if the activities contradict other testimony, *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007), the ALJ failed to identify activities that show any inconsistency with Plaintiff's allegations. The ability to care for herself and do household chores is not inconsistent with being in pain. Plaintiff testified she does not do much during the day due to pain (Tr. 68-69) and she told a consultative examiner that the chores she does engage in make her exhausted by the end of the day, but she tries to stay busy to distract herself from pain. Tr. 404. The Ninth Circuit has warned ALJs against using minimal household activities against disability claimants:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work

and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) *citing Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." (citation omitted)); *Fair*, 885 F.2d at 603 ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.").

With respect to Plaintiff's babysitting activities, while the ALJ's conclusion regarding watching children and the frequency of bathroom breaks is logical, there is virtually no evidence of Plaintiff's responsibilities when caring for her friends' children, and both times she has watched children have been for limited durations, and therefore do not reflect ongoing daily activities. Tr. 63-65. *Trevizo v. Berryhill*, 871 F.3d 664, 681 (9th Cir. 2017) ("As discussed above, however, there is almost no information in the record about Trevizo's childcare activities; the mere fact that she cares for small children does not constitute an adequately specific conflict with her reported limitations.").

4. **ALJ's development of the record**

Plaintiff asserts the ALJ erred in failing to fully develop the record when she failed to obtain records from the University of Washington Medical Center. ECF No. 13 at 6-7.

An ALJ has a duty to make every reasonable effort to develop the record and obtain evidence from all of a claimant's medical sources for the relevant period. 20 C.F.R. § 404.1512.

Plaintiff's representative at the hearing level submitted a letter to the Hearing Office requesting assistance in obtaining medical records. Tr. 348. This

request included the University of Washington Medical Center, and indicated treatment dates were "01/01/04 – 01/01/05" and did not contain regular ongoing treatment. *Id.* At the hearing, Plaintiff's representative apologized to the ALJ for submitting a request with incorrect dates on it, and clarified that the request was supposed to be for records for 2014, 2015, and up to the present. Tr. 56.

Plaintiff asserts the mistake was explained at the hearing and the records should have been requested. ECF No. 13 at 7. Plaintiff also notes that two other sources of records were included on the request letter and internal hearing office notes indicate that records were indeed requested from 2014 and 2015, thus indicating the hearing office staff recognized the typo for the other two requests and should have made the same inference with regard to the UW Medical Center records. *Id.*

The Court finds no error. At the hearing the ALJ specifically asked whether there were any outstanding records and the representative indicated there was only one outstanding record from Lakeview Spine Therapy. Tr. 57. Despite discussing the request that contained the incorrect dates, the representative made no indication that those records still needed to be obtained. Tr. 56. He limited his comments only to apologizing to the ALJ for the mistake and any additional work it may have caused for anyone. Tr. 56. Based on these representations at hearing, the ALJ made all reasonable efforts to fully develop the record and obtain records that she was informed of.

**5.    Evidence submitted to the Appeals Council**

Following the issuance of the ALJ's decision, Plaintiff filed a request for review with the Appeals Council. Tr. 236-39. In connection with the request, Plaintiff submitted additional records and a medical source opinion from Dr. Ross Bethel. Tr. 7-19. The Appeals Council found this additional evidence did not show a reasonable probability that it would change the outcome of the decision, and thus did not exhibit the evidence. Tr. 2.

Plaintiff argues the Appeals Council erred in failing to exhibit this evidence and in finding it was not probable that the evidence would change the outcome of the decision. ECF No. 13 at 3-5. Defendant asserts the decision of the Appeals Council is not a reviewable decision, and even though the evidence is a part of the record before this court, it is largely duplicative of other evidence from Dr. Bethel, which the ALJ appropriately disregarded. ECF No. 18 at 10-11.

It has been established by the Ninth Circuit that federal courts "do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." *Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (citing *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1231 (9th Cir. 2011)). However, when the Appeals Council is presented with new evidence in deciding whether to review an ALJ's decision, the evidence becomes part of the administrative record and the Court must consider the new evidence, along with the record as a whole, when reviewing the ALJ's decision for substantial evidence. *Id.* at 1162- 63; *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007) (noting that when the Appeals Council considers new evidence in denying a claimant's request for review, the reviewing court considers both the ALJ's decision and the additional evidence submitted to the Council); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) ("We properly may consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review.").

The Court declines to review the decision of the Appeals Council in this case, because the decision is a non-final agency action. Consistent with *Brewes*, the new evidence submitted to the Appeals Council is now part of the administrative record, and the Court will consider whether the ALJ's decision is still supported by substantial evidence in light of the record as a whole. 682 F.3d at 1162-63. The Court finds that it is.

The ALJ issued her decision on May 11, 2018. Tr. 41. The records submitted to the Appeals Council all post-date the ALJ's decision, and therefore do not pertain to whether Plaintiff was disabled on or before May 11, 2018. Tr. 7-19. The treatment records submitted cover three visits in August, September, and October of 2018. Tr. 12-19. Though Dr. Bethel's October 13, 2018 letter refers to Plaintiff's "long-standing" conditions, the letter fails to specify the particular time period at issue. Tr. 7. The Physical Functional Evaluation form Dr. Bethel filled out contains no comments as to how long Plaintiff's conditions had rendered her unable to meet the demands of sedentary work, and indeed did not even contain an answer to how long Plaintiff's impairments had existed. Tr. 9-11.

Furthermore, Dr. Bethel's letter states only that Plaintiff is unable to "consistently work" and has not been able to "sustain employment." *Id.* Such comments are on issues reserved to the Commissioner and are not given any special significance in a disability determination. 20 C.F.R. § 404.1527(d). The functional evaluation form indicates that Plaintiff's GI testing and imaging had all been normal over many years, and Dr. Bethel failed to offer an explanation for the basis of the significant limitations, thus rendering the opinion virtually unsupported. 20 C.F.R. § 404.1527(c)(3). As discussed above, the ALJ reasonably discounted Dr. Bethel's earlier opinion on the basis that it was unsupported by any stated objective findings, either from Dr. Bethel himself or throughout the record as a whole.

The Court finds that the new evidence does not render the ALJ's decision unsupported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 18**, is

ORDER GRANTING DEFENDANT'S MOTION . . . - 19

1  **GRANTED**.

2       2.    Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

3  The District Court Executive is directed to file this Order and provide a copy
4  to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant
5  and the file shall be **CLOSED**.

6       **IT IS SO ORDERED.**

7       DATED April 28, 2020.



```
                    _____
                              JOHN T. RODGERS
                    UNITED STATES MAGISTRATE  JUDGE
```